James E. Mercante (JM 4231)
Yoon S. Han (YH 7602)
RUBIN FIORELLA & FRIEDMAN, LLP
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
*Attorneys for Defendant*
NEW HAMPSHIRE INSURANCE
COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HALF MOON BAY MARINA CONDO
ASSOCIATION,

                Plaintiff,

-against-

NEW HAMPSHIRE INSURANCE COMPANY,

                Defendant.

Civil No.: 07-cv-7102 (CLB)

**AMENDED ANSWER**

Defendant, NEW HAMPSHIRE INSURANCE COMPANY, ("NHIC") by its attorneys, RUBIN, FIORELLA & FRIEDMAN LLP, as and for it's Amended Answer to the Verified Complaint, alleges on information and belief, as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Verified Complaint.

2. Admits that it is a foreign corporation authorized to do business in the State of New York, but denies the remaining allegations in paragraph "2" of the Verified Complaint.

3. Denies the allegations in paragraph "3" of the Verified Complaint.

4. Admits that it is a foreign business entity licensed to do business in New York, but denies the remaining allegations in paragraph "4" of the Verified Complaint.

5. Denies the allegations in paragraph "5" of the Verified Complaint.

6. Admits that plaintiff purchased a policy of insurance from NHIC, and refers this Honorable Court to the policy for the terms, conditions, warranties and exclusions.

7. Admits that plaintiff submitted a claim to NHIC, but denies the remaining allegations contained in paragraph "7" of the Verified Complaint.

8. Denies the allegations in paragraph "8" of the Verified Complaint.

9. Admits it issued a denial of coverage pursuant to the terms, warranties, conditions and exclusions of the policy, and refers this Honorable Court to the denial for the contents thereof.

10. Denies the allegations in paragraph "10" of the Verified Complaint.

11. Admits it provided notice of claim, but denies the remaining allegations contained in paragraph "11" of the Verified Complaint.

12. Denies the allegations in paragraph "12" of the Verified Complaint

13. Denies the allegations in paragraph "13" of the Verified Complaint

14. Denies the allegations in paragraph "14" of the Verified Complaint

## AS TO THE FIRST AFFIRMATIVE DEFENSE

15. The Verified Complaint fails to state a cause of action against NHIC or a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16. The insurance contract at issue is plain and unambiguous and its full terms,

conditions, warranties and exclusions govern the relationship between the parties, together with admiralty and insurance law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. All claims against NHIC are barred, in whole or in part, to the extent that the plaintiff failed to mitigate, minimize or avoid any damage allegedly sustained.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, unclean hands and waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19. The policy provides that the insurer will provide the insurance coverage described in the policy in return for the premium and compliance by any insured with all terms and conditions of the policy.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20. The policy or contract of insurance sued upon issued by NHIC contains the following provision:

**BASIC EXCLUSIONS: THIS POLICY DOES NOT COVER**

> A) INHERENT VICE OR DEFECT: WEAR, TEAR AND/OR GRADUAL DETERIORATION, ELECTROLYSIS, DEPRECIATION, INSECTS OR VERMIN

> \* \* \*

> H) LOSS IN RESPECT TO COSTS OR EXPENSES TO CORRECT FAULTY WORKMANSHIP, MATERIAL OR DESIGN CAUSED BY OR PROVIDED BY THE INSURED

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

21. Pursuant to aforementioned exclusion, there is no coverage under the policy.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

22. The policy or contract of insurance sued upon issued by NHIC contains the following provision:

**PIERS, WHARVES AND DOCKS COVERAGE FORM SECTION D**

* * *

**6. EXCLUSIONS:**

THIS INSURANCE DOES NOT COVER LOSS, DAMAGE, OR EXPENSE CAUSED BY, RESULTING FROM, CONTRIBUTING TO OR AGGRAVATED BY ANY OF THE FOLLOWING, SUCH LOSS, DAMAGE OR EXPENSE IS EXCLUDED REGARDLESS OF ANY OTHER CAUSE OR EVENT CONTRIBUTING CONCURRENTLY OR IN ANY SEQUENCE TO THE LOSS.

* * *

B. LOSS BY WEAR, TEAR AND/OR GRADUAL DETERIORATION OR DEPRECIATION, LATENT DEFECT, ANY QUALITY IN THE PROPERTY THAT CAUSES IT TO DAMAGE OR DESTROY ITSELF OR AS A RESULT OF DAMAGE DONE BY MARINE LIFE OR ORGANISMS;

* * *

E. LOSS DUE TO FAILURE TO MAINTAIN YOUR PROPERTY IN A STATE OF GOOD REPAIR ACCORDING TO GENERALLY ACCEPTED PRACTICE FOR MARINAS.

* * *

23. Pursuant to the aforementioned exclusion, there is no coverage under the policy.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

24. The policy or contract of insurance sued upon issued by NHIC contains the following provision:

**PIERS, WHARVES AND DOCKS COVERAGE FORM SECTION D**

\* \* \*

**8. CONDITIONS:**

    A. THIS INSURANCE DOES NOT COVER LOSS CAUSED BY OR RESULTING FROM THE NEGLECT TO USE REASONABLE MEANS TO SAVE AND PRESERVE THE PROPERTY AT ANY LOSS.

25. Pursuant to the aforementioned condition, there is no coverage under the policy.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

26. All claims are barred, in whole or in part, to the extent that the plaintiff concealed or misrepresented facts which were material to the risks and investigation undertaken by the insurer.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

27. All claims are barred to the extent that the plaintiff failed to cooperate with the investigation undertaken by the insurer.

**WHEREFORE**, defendant NEW HAMPSHIRE INSURANCE COMPANY, prays

for judgement in its favor, dismissing the Verified Complaint, with prejudice, and a determination that no coverage exists for the alleged loss under the policy issued by NEW HAMPSHIRE INSURANCE COMPANY together with costs and attorneys' fees and such other and further relief as to this Court may seem just and reasonable.

Dated: New York, New York
      September 5, 2007

                                                    RUBIN, FIORELLA & FRIEDMAN, LLP

By: _____
James E. Mercante (JM 4231)
Yoon S. Han (YH 7602)
*Attorneys for Defendant*
NEW HAMPSHIRE INSURANCE COMPANY
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381

TO:    PILLINGER MILLER TARALLO, LLP
        *Attorney for the Plaintiff*
        HALF MOON BAY MARINA CONDO ASSOCIATION
        570 Taxter Road, Suite 275
        Elmsford, New York 10523
        (914) 703-6300
        File No. REA-00101.1/WAE